UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


JARRED KREAMER

VERSUS

CAPTAIN STEVEN KISTLER

CIVIL ACTION

NUMBER 14-447-SDD-SCR

**RULING ON MOTION FOR LEAVE TO FILE MOTION UNDER SEAL**[1]

Before the court is the plaintiff's Motion for Leave of Court to File Under Seal. Record document number 15.

Plaintiff seeks leave to file under a seal a Motion to Disqualify counsel for the defendant and a Memorandum in Support of Motion to Disqualify. Plaintiff argued in his supporting memorandum that the proposed Motion to Disqualify should be filed under seal because the proposed Motion to Disqualify and the Memorandum in Support of Motion to Disqualify contain "sensitive, attorney-client information that should not be open to the public." However, a review of the proposed Motion to Disqualify and its supporting memorandum did not confirm the plaintiff's representation that the disqualification motion or the supporting memorandum contain information protected by the attorney-client privilege. At best, the supporting memorandum suggests that such information may be revealed if the court agrees to hold an in

---

[1] To avoid filing this ruling under seal, it does not include any specific factual information contained in the plaintiff proposed Motion to Disqualify and the Memorandum in Support of Motion to Disqualify.

camera meeting with the plaintiff to allow him to "fully explain the depth and rational for his concern without prejudicing the case."[2]

It is not apparent from the disqualification motion or its supporting memorandum that any of the cases cited by the plaintiff involved a district court sealing the disqualification motion or holding an in camera hearing with the moving party. Nor has the plaintiff show that sealing the disqualification motion is in the public interest.

Accordingly, the plaintiff's Motion for Leave of Court to File Under Seal is denied. However, the plaintiff's proposed Motion to Disqualify and the Memorandum in Support of Motion to Disqualify shall remain under seal through June 15, 2015, which is when the time for the plaintiff to object to this ruling will expired.[3] If no objection is filed, the clerk of court will be directed to unseal and file the proposed Motion to Disqualify and the Memorandum in Support of Motion to Disqualify. If an objection is timely filed, the proposed Motion to Disqualify and the Memorandum

---

[2] Record document number 15-4 (sealed), p. 7. Plaintiff also represented that his testimony taken in the related case, which is *Childs v. City of Denham Springs*, CV 12-795-JJB-MJU, "was not made public record." *Id.* at 3, note 5. However, record in that case is not sealed and the minute entry from the hearing is not sealed either. CV 12-795, record document number 9. While there is no transcript of the plaintiff's testimony filed in that case, nothing in the minute entry indicates that the plaintiff's testimony was sealed.

[3] Rule 72(a), Fed.R.Civ.P.

in Support of Motion to Disqualify shall remain under seal pending the district judge's ruling on the objection.  This ruling does not prohibit the plaintiff from withdrawing the Motion for Leave of Court to File Under Seal in its entirety and filing a motion to disqualify defendant's counsel.

Baton Rouge, Louisiana, May 28, 2015.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE